## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| B. P., a minor, c/o FRIEDMAN SCHUMAN and ANTHONY AND KRISTEN PRESLEY c/o FRIEDMAN SCHUMAN,<br>        Plaintiffs<br><br>v.<br><br>CHAMBERSBURG AREA SCHOOL DISTRICT, DION BETTS, SUPERINTENDENT, MARK LONG, ASSISTANT SUPERINTENDENT, JANILYN ELIAS, ASSISTANT SUPERINTENDENT and KURT WIDMANN, ASSISTANT SUPERINTENDENT and BENJAMIN A. DURAN-TOBIAS,<br>        Defendants | : : : : : : : : : : : : : : : : : : : : : | NO. 1:23-cv-01276-SES<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**<u>MEMORANDUM OF LAW IN SUPPORT OF MOVING DEFENDANTS'
MOTION FOR PARTIAL DISMISSAL OF COMPLAINT</u>**

The Moving Defendants are the Chambersburg Area School District, Dion Betts, [former] Superintendent of Schools, Janilyn Elias, [former] Assistant Superintendent of Schools, Mark Long, Assistant Superintendent of Schools, and Kurt Widmann, Assistant Superintendent of Schools. Moving Defendants request, pursuant to F.R.C.P. 12(b)(6) a partial dismissal of the Complaint filed on behalf of each of the Plaintiffs, and in support thereof, state the following.

I.      SALIENT FACTS PLEADED IN THE COMPLAINT

The Moving Defendants have been named in Plaintiff's complaint in paragraphs 6, 11, 12, 13 and in paragraph 14 are identified collectively as "the District." [DOC. 1 at ¶¶ 6, 11, 12, 13, 14.].  On March 1, 2022, Plaintiff, B.P. was sexually assaulted by Defendant, Duran Tobias, while in his science classroom within the school building.  Id. at ¶¶22-25.  By March 30, 2022, a Safe to Say report incriminating Duran-Tobias was made to the Defendant District.  Id. at ¶69.  Defendant Duran Tobias was arrested and charged with criminal conduct approximately one week later on April 8, 2022.  ¶72.  On April 22, 2022, Defendant Long requested an investigation under Title IX.  ¶73.  A Title IX investigation was undertaken by an independent law firm, the results of which revealed that (a) Duran-Tobias surrounded himself with female students in class; (b) a student desk was placed in front of his desk for the minor Plaintiff to utilize during other class periods; (c) Duran-Tobias summoned the minor Plaintiff to his classroom during other class periods; and (d) these facts were corroborated by witnesses.  ¶119.

II.     LEGAL ISSUES

a. Whether Plaintiffs have failed to state claims against Defendants Betts, Elias, Long and Widmann under all theories of liability?

b. Whether Plaintiffs have failed to state claims under a *Monell* theory against the Defendant, Chambersburg Area School District?

2

    c. Whether Plaintiffs have failed to state a claim under a *state-created danger* theory against Defendant, Chambersburg Area School District?

    d. Whether Plaintiffs Anthony and Kristen P.'s *Negligent Infliction of Emotional Distress* claims should be dismissed against all Defendants?

    e. Whether Plaintiffs have failed to state a claim under Title IX against the District?

    f. Whether Plaintiff, B.P., is prohibited from seeking emotional-distress-related damages under Title IX?

    g. Whether Plaintiffs have failed to state a claim for punitive damages?

Suggested Answers:  in the affirmative.

## IV.   LAW AND ARGUMENT

<u>Standard of Review under F.R.C.P. 12(b)(6)</u>

A motion to dismiss must be granted, if, after review of the well-pleaded allegations of the complaint which must be construed in the light most favorable to the Plaintiff, the complaint fails to state a claim upon which relief can be granted. *Doe by Brown v. Harrisburg School District,* 2020 WL 4584372*, citing, Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3rd Cir. 2008) *quoting Pinker v. Roche Holdings, Ltd.* 292 F.3d 361, 374 n. 7 (3rd Cir. 2002*).*  A court must consider the elements of each theory,  *Doe, quoting, Santiago v. Warminster Twp.,* 629 F.3d 121, 130-131 (3rd Cir. 2010)*,* separate the well-pleaded facts and disregard

3

conclusions of law, and finally, determine whether the well-pleaded facts show a plausible claim for relief, such that the court can make an inference that the defendant(s) is/(are) liable for the misconduct alleged. *Doe, citing, Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009).

### A. Plaintiffs Have Failed to State Claims Against Defendants Betts, Elias, Long and Widmann

Moving Defendants, Betts, Elias, Long and Widmann submit that Plaintiffs have failed to state any claim against them upon which relief can be granted for the following reasons.

1. Official Capacity Claims

Plaintiffs have failed to state a claim upon which relief can be granted against the Defendants Betts, Elias, Long and Widmann because their service to the District, and its students, was performed in their official capacity as administrators, and as such, their legal identity is identical to that of the public entity for which they serve or have served. *[DOC. 1, ¶14].* Consequently, the claims against each of them must be dismissed. *See, Doe by Brown, citing, Cuvo v. De Biasi,* 169 F. App'x 698, 693 (3rd Cir. 2006), *quoting, McMillan v. Monroe County,* 520 U.S. 781 (1997).

2. Monell Claims

Plaintiffs have failed to state *Monell* claims against the individual Defendants because Plaintiffs' complaint is devoid of any allegations against any

4

one of them that states, or infers, their personal involvement in any of the alleged failures set forth in ¶135, subparagraphs (a) through (i).  *Chavariagga v. N.J. Dep't of Corr.,* 806 F.3d 210, 222 (3rd Cir. 2015) *("plaintiff must plead the defendant's personal involvement in the alleged wrongs by describing the defendant's alleged participation in, or actual knowledge of and acquiescence in the alleged wrongful conduct.")*  As such, Defendants Betts, Elias, Long and Widmann have no liability to the Plaintiffs according to the allegations set forth in their complaint and this claim against them should be dismissed.

3.  State-Created Danger Claim

Plaintiffs have failed to state *State-Created Danger* claims against Defendants Betts, Elias, Long and Widmann because no allegations of the requisite elements of this claim have been pleaded upon which relief can be granted. Plaintiffs have failed to plead facts within Count III of their Complaint against the "District" which includes Betts, Elias, Long and Widmann.  Even if this Court deems their incorporation paragraph at ¶136 to include all allegations set forth under the *Monell* claims in Count II, or beyond that to the preceding paragraphs, Plaintiffs have plead only "failures" of the Moving Defendants, which pleading is insufficient to state a claim under the Fourteenth Amendment via 42 U.S.C. § 1983 and the jurisprudence of this Circuit for which relief can be granted.  *See, Callaway v. Small,* 576 F.Supp.3d 232 (D.N.J. 2021), *citing, Jacobs v. Bayha,*

5

2010 WL 3985768 at *4 (W.D. Pa. September 30, 2010) *(collecting cases); Bilbili v. Klein,* 249 Fed. Appx. 284, 2007 WL 2461749 (3rd Cir. 2007)*, citing Kneipp v. Tedder,* 95 F.3d 1199 (3rd. Cir. 1996)*.*  Accordingly, no affirmative acts by Defendants Betts, Elias, Long or Widmann have been pleaded under this theory of liability, and the claims against them must be dismissed. *See, Bright v. Westmoreland Cty,* 443 F.3d 276, 281 (3rd Cir. 2006*).*

4. <u>Plaintiffs Have Failed to State a Claim Under Title IX against Moving Defendants</u>

It is axiomatic that individuals cannot be held liable under Title IX. *See, Oldham v. Pennsylvania State University*, 2022 WL 1528305 (M.D. Pa. 5/13/2022)*, citing, Fitzgerald v. Barnstable School Community*, 555 U.S. 246 (2009); *Kobrick v Stevens*, 2014 WL 4914986 (M.D. Pa. 9/30/2014, Mannion); *see, also, Winter v. Pennsylvania State University*, 172 F.Supp.3d 756, 776 (M.D. Pa. 2016, Mannion.) As such, the Title IX claim against Defendants Betts, Elias, Long and Widmann must be dismissed.

5. <u>Plaintiffs Have Failed to State a Claim Against the Moving Defendants for Negligent Infliction of Emotional Distress</u>

In order to state a claim for negligence infliction of emotional distress, Plaintiffs, and each of them, must allege:

(1) The defendant's negligence caused the death or serious physical injury to

6

(2) A close family member …

(3) Plaintiff had a sensory and contemporaneous observation of the death or injury of the close family member; and

(4) The plaintiff suffered severe emotional distress.  *Taro v. Six Flags Great Adventure, LLC,* 2018 WL 1535289 (D.N.J. Mar. 29, 2018).

Here, Plaintiffs' pleading in Count VIII falls short of the mark in that neither Plaintiff Anthony P. or Plaintiff Kristen P. alleged to have seen the injury of/to their minor daughter, B.P.  Consequently, the elements of this claim have not been met and it therefore must be dismissed against Defendants Betts, Elias, Long and Widmann.[1]

### B.  **Plaintiffs Have Failed to State a *Monell* claim against the Defendant, Chambersburg Area School District**

It has long been held in this Circuit that local governmental entities can only be held liable for their own *illegal* acts, and not those of its employees.  *Connick v. Thompson,* 563 U.S. 51, 60 (2011).  Therefore, if a local government, through policy or custom, inflicts injury to another, then the local government may be held liable.  *Monell v. Dep't of Soc. Serv. City of New York,* 436 U.S. 658 (1978).

---

[1] Should the Court grant this Motion, Defendants request that the caption be amended to reflect B.P., a minor, through her parents, A.P. and K.P., as the only Plaintiff in the case.

Plaintiff, B.P., a minor, has alleged, in paragraph 135 (a)-(i) that the Defendant, Chambersburg Area School District, through unidentified customs and policies, injured her in the following respects:

"135. The abusive and illegal conduct of Duran-Tobias ….resulted from acts and omissions, policies, customs and practices maintained and endorsed by the District…. Including:

(a) Failing to train District personnel regarding proper investigation of child abuse allegations;

(b) Systemically failing to conduct, or to ensure, that proper and thorough investigations of child abuse allegations were conducted;

(c) Systemically failed to report, or to ensure that credible allegations of child abuse were reported to proper agencies and authorities;

(d) Systemically failing to ensure District compliance with the Pennsylvania's Child Protective Services Law;

(e) Failing to implement or maintain procedures to screen teacher applicants for past allegations and/or incidents of child abuse;

(f) Failing to employ policies that screen out and/or prevent retention of predators such as Duran-Tobias;

(g) Failing to terminate or otherwise discipline teachers, including but not limited to Duran-Tobias, against whom credible allegations of child abuse were made, or are known to have engaged in a pattern of abusing or harassing female students;

(h) Promulgating and/or maintaining policies and/or customs which resulted in systemic and repeated violations of B.P.'s constitutional rights; and

(i) Deliberate indifference to complaints of female students regarding abusive conduct by teachers, including but not limited to Duran-Tobias.

Plaintiffs' own complaint allegations belie and disprove as 'well-pleaded' any of the legal conclusions underlying the above-referenced allegations. A *Monell* claim will not lie against a school district for allegedly failed to train or implement policies that protect students where no one has been identified personally as having failed in their responsibilities to protect the minor Plaintiff B.P., where, as more fully set forth above, the minor Plaintiff, B.P., was sexually assaulted on March 1, 2022, a Safe to Say report was made to the District on March 30, and the assailant was arrested on April 8, 2022.[2]  Clearly, based upon Plaintiffs' own allegations, no cause of action under a *Monell* claim can lie. *See, Kobrick v. Stevens,* 763 Fed. App'x 216 (3rd Cir. 2019).  Such being the case, Defendant, Chambersburg Area School District, submits that this claim must be dismissed.

### C. Plaintiff has Failed to State a *State-Created Danger Theory* against the Defendant, Chambersburg Area School District

Moving Defendant, Chambersburg Area School District, submits that Plaintiff, B.P., has failed to set forth a claim under a *state-created danger theory* under which relief can be granted because the allegations of Count III fail to describe any

---

[2] Plaintiffs' allegations that their minor child, B.P., was subjected to non-sexual behaviors by Duran-Tobias in 2021 that "culminated" in a sexual assault in 2022, do not rise to the level of a violation of plaintiff's fundamental right to her bodily integrity, which underlies (although not stated in anywhere in the complaint) Plaintiff B.P.'s 14th Amendment claims against the Defendant, Chambersburg Area School District. *Shaefer v. Valley View School Dist., et al.,* 2023 WL 6217355 (M.D., Pa. 9/25/2023, *Mannion*).

9

affirmative acts of the local governmental entity that would create liability. Even if Plaintiff's description of the alleged "failures of the District" under the *Monell* theory set forth in Count II of the Complaint are considered incorporated by reference under Count III, those allegations are described as "failures to act" or "omissions" rather than affirmative acts by any specific person. *Shaefer v. Valley View Sch. Dist., et al.,* 2023 WL 6217355 (M.D., 9/25/2023, (Mannion)*, citing, Johnson v. City of Philadelphia,* 975 F.3d 394, 400 (3rd Cir. 2020) *citing Sauers v. Borough of Nesquehoning,* 905 F.3d 711, 717 (3rd Cir. 2018).

Consequently, without the requisite pleading of the elements necessary to state a claim under a *state-created danger theory,* Count III must be dismissed.

D.   Plaintiff has Failed to State a Claim under Title IX (liability, damages)

Plaintiff's claims under Title IX fail because the elements of her cause of action against the Defendant District require a showing of deliberate indifference to actual knowledge of sexual harassment. *Gebser v. Lago Vista Independent Sch. Dist.,* 524 U.S. 274 (1998)*; Moeck v. Pleasant Valley Sch. Dist.,* 179 F.Supp.3d 442, 449 (M.D. Pa. 2016) (*citing Bostic v. Smyrna Sch. Dist.,* 418 F.3d 355 (3rd Cir. 2005).

Although Plaintiff's complaint is replete with factual description of a sexual assault, there are no allegations identifying any person, much less an appropriate person, having actual knowledge of the assault. There being no showing of actual knowledge of the assault, there can be no deliberate indifference to it and Plaintiff

alleges none. *See, Lansburg v. Altoona School Dist.,* 318 F.Supp.3d. 739 (W.D. Pa. 2018). Such being the case, the Defendant, Chambersburg Area School District, requests this Court to dismiss Plaintiff's Title IX liability claim.

    E. <u>Plaintiff, B.P. claim for Title IX emotional distress damages is Precluded</u>

Insofar as the Court may allow Plaintiff's Title IX to be litigated, Defendant, Chambersburg Area School District submits that Plaintiff B.P. is not entitled to damages related to emotional distress. *See, Cummings v. Premier Rehab Keller, LLC,* 596 U.S. ___, 142 S.Ct. 1562, 212 L.Ed.2d.552 (2022). As such, Plaintiff, B.P.'s damages, if any, must be limited by the holding of *Cummings* and its relevant progeny.

    F. <u>Plaintiff's Claims for Punitive Damages Must be Dismissed</u>

Plaintiffs have made claims for punitive damages under legal theories where such claims are not permitted. For instance:

Title IX does not allow punitive damages claims to be brought against a local government agency. *M.S. v. Susquehanna Twp. School District, et al.*, 2010 WL 4853700 *21 (M.D. Pa. Nov. 23, 2010), *citing*, *E.N. v. Susquehanna Twp. School District*, *quoting*, *Barnes v. Gorman*, 536 U.S. 181, 185-86 (2002).

42 U.S.C. Section 1983 does not allow punitive damages claims against a local agency. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981*).*

The Pennsylvania Political Subdivision Tort Claims Act does not allow punitive damages against a local agency.  City of Philadelphia Office of Housing and Community Development v. Am. Fed. of State Cty an Munic. Emp., 876 A.2d 375 (Pa. 2005).

For the foregoing reasons, Defendant, Chambersburg Area School District, requests this Honorable Court to dismiss Plaintiff's punitive damages claims with prejudice.

### C.  CONCLUSION

For all of the foregoing reasons, Defendants, Chambersburg Area School District, Dion Betts, Janilyn Elias, Mark Long and Kurt Widmann, request this Honorable Court to enter an Order granting their Motion to Dismiss with prejudice.

                Respectfully submitted:

                MARSHALL DENNEHEY

BY:   */s/ Sharon M. O'Donnell*
        SHARON M. O'DONNELL, ESQ.
        PA ID #79457
        100 Corporate Center Dr., Ste. 201
        Camp Hill, PA  17011
        (717) 651-3503/Fax (717) 651-3707
        smodonnell@mdwg.com

October 5, 2023

# CERTIFICATE OF SERVICE

I, SHARON M. O'DONNELL, ESQ., hereby certify that I served a true and correct copy of Defendants' Motion to Dismiss and an accompanying Memorandum of Law upon Plaintiffs' counsel, Derek K. Layser, Esq., at the address listed below on Friday, October 6, 2023, by ECF Filing with the Middle District of Pennsylvania:

Derek K. Layser, Esquire
Friedman Schuman, P.C.
275 Commerce Drive, Suite 210
Fort Washington, PA  19034

Dlayser@fsalaw.com

**MARSHALL DENNEHEY**

DATE:  October 6, 2023         BY:   */s/ Sharon M. O'Donnell*
                                     Sharon M. O'Donnell, Esquire
                                     PA I.D. No. 79457
                                     100 Corporate Center Dr., Ste 201
                                     Camp Hill, PA  17011
                                     (717) 651-3503
                                     Fax (717) 651-3707
                                     smodonnell@mdwcg.com