### UNITED STATES DISTRICT COURT OF
### THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JANE DOE | : | |
| C/O FRIEDMAN SCHUMAN | : | No. 1:23-cv-01276-SES |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| CHAMBERSBURG AREA | : | |
| SCHOOL DISTRICT; | : | |
| DION BETTS, Superintendent; | : | |
| MARK LONG, Assistant Superintendent; | : | |
| JANILYN ELIAS, Assistant Superintendent; | : | |
| KURT WIDMANN, Assistant Superintendent; | : | |
| BENJAMIN A. DURAN-TOBIAS | : | |
| C/O FRANKLIN COUNTY JAIL | : | : |
| *Defendants* | : | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO PROCEED UNDER PSEUDONYM AND SEAL ALL PRIOR FILINGS
### WHICH REFER TO PLAINTIFF BY NAME

Plaintiff, Jane Doe, respectfully requests that this Court issue an Order allowing her to proceed under pseudonym in this case and seal all prior filings which contain Plaintiff's identity, and in support thereof, states the following:

### I.    FACTS & PROCEDURAL HISTORY OF THE CASE

This action centers upon inappropriate grooming and abusive emotional/physical/sexual contact perpetrated against Jane Doe by Defendant, Benjamin Duran-Tobias, on school grounds during the time he was a high school teacher at Chambersburg High School and the failures/culture of disregard on the part of Chambersburg Area School District and its officials

4

for lacking adequate policies and procedures with respect to the protection of its students, particularly Jane Doe.

Prior to Plaintiff being groomed and sexually assaulted by Defendant, Benjamin Duran-Tobias, Chambersburg Area School District had inadequate training, policies, and procedures to prevent and recognize inappropriate conduct by teachers toward students. In the four (4) years prior to Plaintiff being assaulted, at least two (2) prior teachers and coaches had inappropriate contact with students at Chambersburg High School. Despite this knowledge, upon information and belief, Chambersburg High School failed to offer adequate training or appropriate policies and procedures to prevent further harm to students by teachers to remedy the effects once harm was discovered.  Defendant, Bejamin Duran-Tobias was criminally charged and pleaded guilty to charges related to his conduct toward Plaintiff and is currently incarcerated.

On July 31, 2023, Ms. Doe filed a Complaint against the District, alleging violations of her rights under Title IX of the Education Amendments of 1972, her constitutional rights under the Fourteenth Amendment, as well as certain provisions of the common law of Pennsylvania. On October 6, 2023, Defendants Chambersburg Area School District, Dionn Betts, Mark Long, Janilyn Elias, and Kurt Widmann filed a Motion to Dismiss.  On October 20, 2023, Plaintiff filed an Amended Complaint.

As a result of the harm Ms. Doe has already endured, and the mental health conditions that continue to plague her, Ms. Doe reasonably fears she would suffer severe harm if her identity continues to be publicly accessible in these proceedings. She has a reasonable fear that continued public revelation of her identity in connection with this case would exacerbate her trauma and anxiety and impede her ability to seek justice. No countervailing public interest favors forced disclosure.

5

## II.  STATEMENT OF QUESTIONS INVOLVED

**Question One:**      Whether Plaintiff, a victim of sexual abuse which occurred when she was a minor, should be permitted to proceed under pseudonym where Ms. Doe has revealed the occurrence of the events at issue to very few people, she has a fear that disclosure of her identity could exacerbate her emotional distress, there is a public interest in maintaining confidentiality, and there exists no compelling interest in disclosure?

**Suggested Answer:**      Yes.

**Question Two:**      Whether the prior filings in this case which contain the Plaintiff's identity should be sealed to protect Plaintiff's identity and allow her to proceed under pseudonym?

**Suggested Answer:**      Yes.

## III.  LEGAL ARGUMENT

"Federal courts have long approved the practice of pseudonymous litigation" in certain cases, despite the general requirement that a complaint name all parties. Doe v. Provident Life & Acc. Ins. Co., 176 F.R.D. 464, 466 (E.D. Pa. 1997); Fed. R. Civ. P. 10(a). Cases involving sex or sexuality typically allow the use of a pseudonym. See Provident Life, 176 F.R.D. at 464 (listing cases involving birth control, abortion, homosexuality, transsexuality). A plaintiff must first show she has a reasonable fear that severe harm would result if she were forced to publicly identify herself. See Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011). The court then considers six factors that support the use of a pseudonym:

(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's

identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Id. at 409 (quoting Provident Life, 176 F.R.D. at 467). In this case, all the factors weigh heavily

in favor of allowing Ms. Doe to use a pseudonym.

### A. All Six Factors Weigh In Favor Of Allowing Ms. Doe To Proceed Under A Pseudonym.

#### 1. Ms. Doe Has Revealed The Events At Issue To Very Few People

Ms. Doe has been discrete regarding the sexual assault perpetrated against her by

Defendant Duran-Tobias. She has not disclosed her identity to any individual or group beyond

those to whom disclosure was necessary to care for her personal health and in the criminal

prosecution of Defendant Duran-Tobias. "Courts have found that a litigant has made substantial

efforts to maintain anonymity where that litigant has limited his disclosure of the sensitive

information to few other people." Doe v. Princeton Univ., No. CV 19-7853 (BRM), 2019 WL

5587327, at *3 (D.N.J. Oct. 30, 2019). Where a plaintiff has disclosed what happened only to

members of her immediate family and medical professionals, this factor weighs in favor of

allowing a pseudonym. See Provident Life, 176 F.R.D. at 468 (plaintiff had "only revealed to his

immediate family, medical providers and his counsel" that he suffered from disabling mental

illnesses); Doe v. Evans, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (plaintiff had taken steps to

protect her confidentiality and "some of [her] own close family and friends [we]re not aware"

she had been sexually assaulted).

Similar to the facts in cases allowing pseudonyms above, here, Ms. Doe has only

disclosed the events giving rise to this case to her close family members (her parents), law

enforcement officials, and a Title IX investigator. The fact that Ms. Doe reported the incidents to

school authorities does not reflect a lack of interest in confidentiality; to the extent her complaints were recorded at all, her school records are kept confidential by federal and state privacy laws. Moreover, such disclosure was a necessary step for her to obtain relief from the District.  Similarly, to the extent that Ms. Doe's identity was disclosed in prior pleadings, Plaintiff seeks to have such filings sealed to further protect her identity. Ms. Doe's efforts to preserve confidentiality support the use of a pseudonym here.

> **2.  Ms. Doe Has A Substantial, Well-Founded Fear That Public Disclosure Of Her Identity In Connection With This Case Would Exacerbate Her Stigma, Humiliation, And Emotional Distress.**

A sexual assault victim's "fear of increased embarrassment, humiliation, and emotional distress should her friends and business associates learn of the[] events is well-founded." Evans, 202 F.R.D. at 176. Ms. Doe already suffers from emotional distress. The District subjected Ms. Doe to repeated sexual assaults by failing to take appropriate steps to protect her from Defendant Duran-Tobias's repeated and overt sexual harassment and assault. Today, Ms. Doe continues to suffer from emotional disturbance and anxiety. Based on Ms. Doe's history, her fear that public disclosure of her identity would exacerbate these conditions is well-founded.

Ms. Doe's fear of public disclosure is also substantial. In Doe v. Trishul Consultancy, LLC, No. CV1816468FLWZNQ, 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019), the plaintiff "alleged that she suffered 'severe anxiety and emotional distress each day going into work fearing that [the perpetrator] would attack and/or fire her[,]' and that she suffered an 'emotional breakdown' . . . which precipitated her reports to [her employer]." Id. This substantiated the plaintiff's fear of disclosure because it showed "the potential for severe harm that exceeds mere embarrassment." Id.

Ms. Doe has experienced this type of anxiety and distress, too. Since the abuse, Ms. Doe has experienced sleep disturbances, panic attacks, feelings of isolation, fear for her safety, and anxiety. The harm Ms. Doe feared then, and continues to fear today, far exceeds simple embarrassment. One court has found a plaintiff's "alleged victim status" alone tips this factor in the plaintiff's favor. Princeton Univ., 2019 WL 5587327, at *4. Such a rule clearly covers Ms. Doe. Even in the absence of a categorical rule, Ms. Doe's particular fear of increased stigma and humiliation and exacerbated mental health is substantial. Allowing Ms. Doe to proceed under a pseudonym would protect the privacy of a young victim, and would permit her the opportunity to heal and to pursue her claims without forever having her name attached to the abuse she has suffered.

### 3. The Public Has A Compelling Interest In Allowing Victims Of Sexual Harassment To Maintain Confidentiality So They Can Seek Justice Without Fear And So Other Victims Will Not Be Deterred From Reporting.

Allowing Ms. Doe to proceed confidentially promotes the public interest. First,"[t]here is a recognized public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs." Trishul Consultancy, 2019 WL 4750078, at *5. This interest is stronger still where the victim is a minor. See Doe v. Old Forge Borough, No. 3:12·CV·2236, 2015 WL 4079362, at *15 (M.D. Pa. July 1, 2015) (noting "the public may have a substantial interest in maintaining the confidentiality of a minor plaintiffs [sic] name, particularly in helping to prevent the stigmatization and embarrassment of a child who has been sexually assaulted or abused").[1]

---

[1] In fact, Rule 5.2 (a)(3) of the Federal Rules of Civil Procedure recognizes the general need to protect the identity of minors by requiring all filings to identify the minor by initials only. Here, the interest in protecting Ms. Doe's identity is even more significant because she is a minor who was a victim of repeated sexual assaults.

Ms. Doe only spoke of the sexual assaults she experienced after another student reported that Duran-Tobias had sexually assaulted her because she feared bullying, retaliation, and public humiliation. Ms. Doe continues to fear public humiliation and stigmatization today. Allowing Ms. Doe to proceed under a pseudonym would further the public interest in allowing her to vindicate her claims, especially since she was a minor when these events occurred.

Second, "the public has an interest in protecting the identities of sexual assault victims so that *other victims* will feel more comfortable suing to vindicate their rights." Evans, 202 F.R.D. at 176 (emphasis added). If Ms. Doe were forced to identify herself, the Court would risk chilling other victims of sexual harassment from coming forward to report their harassment and to prosecute their rights in court. This would defeat the public interest in allowing victims to seek redress, and in holding wrongdoers accountable.

Finally, the "public has an interest in preventing the stigmatization of litigants with mental illnesses." Provident Life, 176 F.R.D. at 468. Ms. Doe suffers from anxiety, depression and panic attacks, and this litigation will likely expose the details of those conditions. The Court should protect Ms. Doe's identity to avoid deterring people with other psychiatric conditions from suing to vindicate their rights. Id. Consistent with this goal, "[c]ourts have allowed pseudonyms [in] cases involving . . . mental illness." Megless, 654 F.3d at 408 (quoting Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D. Pa.1990). For all of these reasons, the public has a strong interest in allowing Ms. Doe to use a pseudonym in this case.

### 4. There Is No Compelling Public Interest In Knowing The Litigants' Identities.

There is an atypically weak public interest in knowing Ms. Doe's identity. Ms. Doe is a "private citizen seeking to litigate private and highly-sensitive issues, not a public official for

whom the public possesses a heightened interest." <u>Trishul Consultancy</u>, 2019 WL 4750078, at *5. Moreover, the public's interest in the issue of this case—sex-based harassment in school—is not compromised by keeping Ms. Doe's identity confidential, especially as access to the docket and proceedings will remain open to the public. See <u>Provident Life</u>, 176 F.R.D. at 468 ("Doe's use of a pseudonym will not interfere with the public's right or ability to follow the proceedings."); <u>Evans,</u> 202 F.R.D. at 176 ("[A]lthough the public certainly has an interest in the issues . . . Doe's complaint raises, protecting her identity will not impede the public's ability to follow the proceedings."); <u>Freedom From Religion Found., Inc. v. Connellsville Area Sch. Dist.</u>, No. 2:12-CV-1406, 2013 WL 2296075, at *3 (W.D. Pa. May 24, 2013) ("[T]he issue in this case does not turn on the identity of the Plaintiff, and the Court presently does not see how denying Plaintiffs' request will interfere with the public's right to follow the proceedings, which will be kept open to the public while maintaining the confidentiality of the Does' identities."). The Court can thus preserve the public's ability to follow the important interests at stake here, while maintaining Ms. Doe's confidentiality.

### 5. If Forced To Reveal Her Identity, Ms. Doe Would Likely Drop All Claims And Withdraw The Lawsuit.

If Ms. Doe were "denied the opportunity to proceed using a pseudonym," she would "sacrifice a potentially valid claim simply to preserve [her] anonymity." <u>Megless,</u> 654 F.3d at 410. This stymies the public interest in holding public institutions accountable. Cf. <u>Id.</u> ("[T]he public is harmed when alleged abuses of power by public officials go unchallenged because plaintiffs fear litigating publicly.") Because of the serious harm Ms. Doe fears would result from disclosure, including stigma and worsened mental health, she likely would not proceed with this suit if she could not do so under a pseudonym. The District would get off scott free. As in

*Megless, Provident Life*, and *Evans*, this factor weighs in favor of allowing Ms. Doe to use a pseudonym.

### 6. Ms. Doe Has No Ulterior Motives In Seeking To Proceed Under A Pseudonym.

Ms. Doe is motivated by a legitimate fear that she would experience serious harm if forced to disclose her identity. She has no untoward motive—indeed no motive at all beyond avoiding further harm. This is legitimate. See <u>Doe v. Hartford Life & Acc. Ins. Co.</u>, 237 F.R.D. 545, 550-51 (D.N.J. 2006) (finding factor supported use of pseudonym because "[p]laintiff has no illegal or ulterior motives in keeping his identity confidential, but merely seeks to protect his reputation and not aggravate his medical condition."). Because Ms. Doe has "provided th[e] Court with several valid reasons in support of [her] request to proceed in pseudonym," and there is nothing to suggest any invalid motives, this factor weighs in favor of allowing a pseudonym. <u>Provident Life</u>, 176 F. at 469; <u>Trishul Consultancy</u>, 2019 WL 4750078, at *5.

### B. No Other Factor Outweighs Ms. Due's Interest In Proceeding Under A Pseudonym.

No factor meaningfully weighs against the use of a pseudonym here. After considering the factors that support the use of a pseudonym, the Court balances them against three factors that may disfavor the use a pseudonym:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

<u>Megless,</u> 654 F.3d at 409. As to the first factor, there is always a general public interest "in favor of open judicial proceedings." <u>Megless</u>, 654 F.3d at 411. But the second factor undercuts this

where, as here, "a public figure is not involved in th[e] case." Provident Life, 176 F.R.D. at 469. In such a case, the public interest in knowing the identities of the litigants is not especially strong, and "it does not outweigh the above-mentioned factors which all tip in favor of plaintiff's use of a pseudonym." Provident Life, 176 F.R.D. at 469; see also, Doe v. Oshrin, 299 F.R.D. 100, 104-05 (D.N.J. 2014) ("The 'universal level of public interest in access to the identities of litigants' does not without more weigh against anonymity.") (quoting Megless, 654 F.3d at 409). Finally, Ms. Doe has no reason to believe there will be any opposition to her proceeding under a pseudonym.

For the reasons set forth above, the factors supporting the use of a pseudonym clearly outweigh any countervailing factors.

### C.  The Prior Filings in this Case Should be Sealed to Protect the Identify of Plaintiff, a Sexual Abuse Victim who Was a Minor at the Time of the Crime.

"[T]he common law presumes that the public has a right of access to judicial materials," In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019), which include judicial records.  "The party seeking to overcome the presumption of access bears the burden of showing 'that the interest in secrecy outweighs the presumption.'" Id. (quoting Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986)). "The movant must show 'that the material [a party seeks to keep from the public domain] is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" Id. (quoting Miller v. Ind. Hosp., 16 F.3d 549, 551 (3d Cir. 1994)). "In delineating the injury to be prevented, specificity is essential." Id. at 673 (quoting In re Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 194 (3d Cir. 2001)).

13

For the reasons stated above in support of the request to proceed under pseudonym, the status of Plaintiff as a then-minor sexual assault victim is the kind of information that courts seek to protect and disclosure of her identity by permitting public access to the prior filings will cause serious injury to Plaintiff.  Accordingly, Plaintiff requests that this Honorable Court direct the prothonotary to seal all prior filings related to the instant action.

## IV.      CONCLUSION

The Third Circuit's test, applied to the facts here, strongly supports allowing Ms. Doe to proceed under a pseudonym and the sealing of prior filings which contain Plaintiff's identity. Plaintiff therefore respectfully requests that this Court enter an Order permitting her to proceed by pseudonym, barring the parties from filing information containing their non-redacted names or personally identifiable information, sealing all prior filings which contain Plaintiff's identity, and granting to Ms. Doe any and all other relief necessary to allow her to proceed under a pseudonym.

FRIEDMAN SCHUMAN, P.C.

Date:   10/24/2023

By:

Derek R. Layser (Atty. # 54938)
275 Commerce Drive, Suite 210
Fort Washington, PA 19034
P: 215-690-3817
E: dlayser@fsalaw.com
*Attorney for Plaintiff*

14

<u>**CERTIFICATE OF SERVICE**</u>

I, DEREK R. LAYSER, ESQUIRE, attorney for Plaintiff, hereby state that a true and correct copy of the foregoing *AMENDED COMPLAINT*, was electronically filed with the Court this date and is available for viewing and downloading from the ECF system.

**FRIEDMAN SCHUMAN, P.C.**

Date:   October 24, 2023                By:  _____
                                        Derek R. Layser (Atty. # 54938)
                                        275 Commerce Drive, Suite 210
                                        Fort Washington, PA 19034
                                        P: 215-690-3817
                                        E: dlayser@fsalaw.com
                                        *Attorney for Plaintiff*

15